IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THEODORE ANDREWS,

    Petitioner,                    No. CIV S-11-1081 DAD P

   vs.

KATHLEEN DICKINSON,

    Respondent.                  ORDER

/

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

**PRELIMINARY SCREENING**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Rule 4, Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may

dismiss a petition for writ of habeas corpus at several stages of a case, including "summary dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the answer and petition are considered; or a dismissal after consideration of the pleadings and an expanded record."

## BACKGROUND

On April 21, 2011, petitioner commenced this action by filing a petition for writ of habeas corpus. Therein, he alleges that the classification committee at his institution of confinement erroneously added an "R" suffix to his custody designation in violation of his rights under the Due Process Clause of the Fourteenth Amendment.[1] (Pet. at 1-11.)

## ANALYSIS

The petition pending before the court will be dismissed because petitioner has failed to state a cognizable claim for federal habeas relief. Petitioner is advised that habeas corpus proceedings are the proper mechanism for a prisoner seeking to challenge the fact or duration of his confinement. See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Here, petitioner does not challenge the legality of his conviction, a parole proceeding, or other adjudication that has led to his current incarceration. Rather, petitioner challenges the conditions of his confinement, specifically his classification status. Petitioner is advised that a civil rights action, not a habeas corpus proceeding, is the proper mechanism for a prisoner seeking to challenge the conditions of his confinement. See 42 U.S.C. § 1983; Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991); see also Hung Duong Nguon v. Dickinson, No. 2:09-cv-3229 KJM JFM (HC), 2011 WL 703667, at * 2-3 (E.D. Cal. Feb. 18, 2011) (recommending dismissal of habeas petition challenging only petitioner's "R" classification for failure to state a cognizable claim and lack of subject matter jurisdiction); Butler v. Hartley, No. CIV F-08-1188 TAG HC, 2008 WL 4614519 at *1 (E.D. Cal. Oct. 16, 2008) (dismissing habeas corpus petition where petitioner

---

[1] A "R" suffix identifies those inmates who have a history involving specific sex offenses. See Cal. Code Reg., Title 15, § 3377.1.

2

1 claimed that CDCR erroneously affixed an "R" suffix to his name because petitioner was
2 challenging the conditions of his confinement and not the fact or duration of his confinement).
3 Accordingly, petitioner is not entitled to habeas corpus relief, and this habeas action will be
4 dismissed without prejudice to filing a civil rights action.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED:

1. Petitioner's motion to proceed in forma pauperis (Doc. No. 2) is granted;

2. Petitioner's application for writ of habeas corpus (Doc. No. 1) is dismissed without prejudice to filing a civil rights action; and

3. This action is closed.

DATED: July 12, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
andr1081.156

3